**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Lynn Kraemer,<br><br>             Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>             Defendant. | No. CV-20-01636-PHX-DJH<br><br>**ORDER** |

Plaintiff seeks judicial review of the Social Security Administration ("SSA") Commissioner's decision denying her application for SSA disability benefits. Plaintiff filed an Opening Brief (Doc. 16) on April 6, 2021. Defendant filed a Response Brief (Doc. 17) on April 23, 2021. Plaintiff filed her Reply Brief (Doc. 18) on May 7, 2021. The Court has reviewed the briefs and the Administrative Record (Doc. 15, "R."). For the following reasons, the Court affirms the Administrative Law Judge's ("ALJ") decision.

**I.     Background**

On December 12, 2016, Plaintiff protectively filed an application for a period of disability and disability benefits with an alleged onset date of August 2, 2016. (R. at 53). An ALJ issued an unfavorable decision on September 25, 2019. (R. at 50). The Appeals Council denied Plaintiff's request for review. (R. at 1). This appeal followed.

The ALJ found that Plaintiff suffered from several severe impairments including cervical degenerative disc disease, degenerative joint disease, chronic pain syndrome, obesity, adjustment disorder with depressed mood, and attention deficit hyperactivity

disorder. (R. at 55). During the hearing, Plaintiff testified that her symptoms consisted of pain in her back and below the right shoulder blade, as well as numbing in her hands. (R. at 101). The ALJ rejected Plaintiff's symptom testimony because her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." (R. at 58).

Ultimately the ALJ found Plaintiff's residual functional capacity ("RFC") permitted light work with some physical restrictions limited to simple, routine, repetitive tasks, that make up simple, unskilled work. (R. at 57). In addition, the ALJ found Plaintiff was able to perform past relevant work as an attendant. (R. at 61).

## II.     Standard of Review

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe"

medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III.   Discussion**

Plaintiff raises two issues. First, Plaintiff argues the ALJ failed to fully develop the record in support of his RFC finding. (Doc. 16 at 7). Second, Plaintiff argues the ALJ failed to properly consider her symptom testimony by overstating the impact of Plaintiff's activities. (*Id.* at 11).

**a.   Whether the Record was Sufficient**

Initially, a claimant carries the burden of producing evidence to prove a disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). ALJs have a "duty to develop the record further . . . only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). Plaintiff argues the record with respect to Plaintiff's physical and mental RFC was inadequate and ambiguous such that the ALJ should have developed it further.

**i.   Plaintiff's Physical RFC**

As to Plaintiff's physical RFC, Plaintiff argues the evidence before the ALJ was inadequate because most of the medical opinions that the ALJ evaluated took place before the alleged onset of disability. (Doc. 16 at 10). The ALJ evaluated six medical opinions that were conducted before the alleged onset date, and he gave them no weight to partial

weight. (R. at 59–60). The ALJ also considered two physical medical examinations from 2019 showing Plaintiff was capable of a full range of motion without pain. (*Id.*) The ALJ also considered a 2019 MRI showing a normal cervical cord. (*Id.*)  In addition to these medical records, the Court considered Plaintiff's symptom testimony.  Overall, the Court finds that this is a substantial amount of evidence and does not require further development. *See Orn*, 495 F.3d at 630.

Plaintiff also argues that there was an ambiguity in the evidence that should have been resolved with further medical opinion. (Doc. 16 at 9). This ambiguity, Plaintiff argues, stems from Dr. Matthew Bean's opinion that Plaintiff should be limited to two hours of sitting and one hour of standing or walking in an eight-hour workday. (R. at 59). Because the ultimate RFC does not contain any limitations to how long Plaintiff can sit, walk, stand at one time, Plaintiff argues the ALJ has failed to address an ambiguity.

The Court finds the record as it relates to Plaintiff's ability to sit, stand, or walk does not present the type of ambiguity that warrants further development of the record.  First, the ALJ only gave partial weight to Dr. Bean's opinion because of the 2019 examinations showing Plaintiff could undergo a full range of motion without pain. (*Id.*)  Second, the ALJ also gave partial weight to the opinion of Dr. Keith Cunningham's opinion that Plaintiff had no sever impairments at all. (R. at 60).  Therefore, the record contains several data points from which, when viewed as a whole, the ALJ could reasonably draw a conclusion.  In this sense, the record is not ambiguous.  The record contains substantial evidence in support of the ALJ's finding that Plaintiff was capable of light work. *See Mayes*, 276 F.3d 460 (holding that a record was not ambiguous when it contained substantial evidence in support of an ALJ's finding).

### ii.    Plaintiff's Mental RFC

Plaintiff argues there was inadequate evidence with respect to Plaintiff's mental abilities for the ALJ to determine the RFC. (Doc. 16 at 11).  ALJ evaluated two medical opinions that were conducted after the onset date, that of Dr. Celia Drake and Dr. Luz Mogrovejo. (R. at 60). He gave significant weight to Dr. Drake's opinion, which found

that Plaintiff would have difficulty making decisions in a work setting and would have problems responding to stress. (*Id.*) He gave little weight to Dr. Mogrovejo's opinion, which was that Plaintiff would succeed in jobs with "static tasks and where changes can be explained." (*Id.*) Because the Plaintiff testified that she could manage herself and her finances, and because she was attempting to regain her driver's license, the ALJ found that Plaintiff's ability to adapt and manage tasks was stronger than Dr. Mogrovejo's opinion suggests. (R. at 60–61). The Court finds the ALJ's consideration of these opinions and Plaintiff's testimony constitutes substantial evidence in support of his RFC determination that does not require further development of the record. *See Mayes*, 276 F.3d 460.

### b. Plaintiff's Symptom Testimony

Plaintiff argues the ALJ failed to properly consider her symptom testimony by overstating the impact of Plaintiff's claimed activities. (Doc. 16 at 11). When an ALJ evaluates a claimant's symptoms, he considers symptom testimony, objective medical evidence, and other evidence in the record. 20 C.F.R. § 404.1529(c). The ALJ may "reject the claimant's testimony about the severity of [the] symptoms" provided that the ALJ also explains his decision "by providing specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015).

Plaintiff testified that "she has constant pain in her back and underneath her right shoulder blade" and that "her hands are numb several times a day." (R. at 57). The ALJ found that Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." (R. at 58). The ALJ cited to Plaintiff's April 2019 physical examinations that shows "full range of motion in all extremities without pain" in Plaintiff's musculoskeletal system. (R. at 58 citing (R. at 487)). The ALJ also cited to a February 2019 MRI showing "no abnormalities . . . to suggest a demyelinating process" and a normal cervical cord. (*Id.* (citing R. at 422)). The Court finds that this evidence, in combination with Plaintiff's statements that she babysits her young grandchildren, cares for dogs, and helps with household chores, provides a sufficiently clear and convincing reason to

discount Plaintiff's symptom testimony.

## IV. Conclusion

For these reasons, the Court finds the ALJ did not err.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment accordingly.

Dated this 31st day of January, 2022.

Honorable Diane J. Humetewa
United States District Judge